J-A13029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ERIC RAMBERT :
:
Appellant : No. 389 WDA 2024

Appeal from the PCRA Order Entered March 25, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002765-1987

BEFORE: BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED: June 16, 2025**

Appellant, Eric Rambert, appeals from the March 25, 2024 order entered in the Court of Common Pleas of Allegheny County that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The record demonstrates that, on November 19, 2023, Appellant filed *pro se* his current PCRA petition, titled "motion for reinstatement of post[-]sentence motions *nunc pro tunc* pursuant to 42 Pa.C.S.A. § 9781(a) (Purdon 1982)."[1] On February 6, 2024, the PCRA court ordered the

---

[1] Appellant filed more than twelve PCRA petitions prior to filing the instant PCRA petition.

By way of background, on August 26, 1987, Appellant was convicted by a jury of assault by prisoner, riot, and criminal conspiracy. **See** Verdict, 8/26/87; **see also** 18 Pa.C.S.A. §§ 2703, 5501(1), and 903(a)(1), respectively.

Commonwealth to file a response, which the Commonwealth subsequently filed on February 12, 2024. On February 13, 2024, the PCRA court provided Appellant notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant did not file an objection. On March 25, 2024, the PCRA court dismissed Appellant's petition.

On April 2, 2024, Appellant filed *pro se* a notice of appeal. On May 29, 2024, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant filed his Rule 1925(b) statement on July 22, 2024. On July 25, 2024, the PCRA court filed its Rule 1925(a) opinion.

On appeal, Appellant challenges the March 25, 2024 order that dismissed his serial PCRA petition on the ground the PCRA court erred in concluding his petition was untimely and without exception.[2] Appellant's Brief

_____

Appellant's criminal convictions stemmed from an incident that occurred on January 27, 1987, in which Appellant, while incarcerated in a state correctional institution, caused physical injury to a correctional officer during an emergency evacuation of the cell-block in which Appellant was housed. Affidavit of Probable Cause, 3/6/87. The trial court sentenced Appellant to a term of 24 to 120 months' incarceration for the assault by prisoner conviction, 24 to 60 months' incarceration for the riot conviction, and 24 to 120 months' incarceration for the criminal conspiracy conviction. Sentencing Order, 11/10/87. The trial court ordered Appellant's sentences to run consecutively, which resulted in an aggregate sentence of 6 to 25 years' incarceration. This Court affirmed Appellant's judgments of sentence on November 30, 1988. **Commonwealth v. Rambert**, 555 A.2d 248, 1988 WL 150550 (Pa. Super. filed Nov. 30, 1998) (unpublished memorandum).

[2] Appellant frames his issue as follows:

at 8.  Appellant contends that the PCRA court had jurisdiction to address his petition based on his claim that trial counsel was ineffective for failing to file a post-sentence motion to preserve a legality of sentence claim for direct review.  *Id.* at 9-25.  Appellant asserts that the sentences imposed for his convictions of riot and criminal conspiracy were illegal because, at the time of sentencing, nine of the twelve inmates who, according to Appellant, were also involved in the incident in January 1987, had the charges filed against them dropped and the three inmates that were tried with Appellant, as co-defendants, were found not guilty.  *Id.* at 12.  Appellant argues that the trial court imposed illegal sentences for his criminal convictions of riot and criminal conspiracy because, with "no rioters or conspirators," his convictions, and in turn his sentences, were illegal.  *Id.*  Appellant asserts that trial counsel

> did not inform [him] that there [were] no rioters and conspirators and the illegal sentences imposed gave [him] a meritorious[,] appealable issue that [was] not [] preserved [for purpose of direct appeal] by [Appellant,] who had no knowledge and wasn't advised [of this fact by trial counsel], and the sentencing hearing was a tribunal where the [trial court] had jurisdiction but corrupted the proceeding by administering an illegal sentence.

_____

> Whether this Court has jurisdiction to address Appellant's attempt to challenge the illegality of sentences [for] riot and criminal conspiracy imposed [on] November 10, 1987[,] where [] trial counsel failed to file a post-sentence motion to preserve the [legality of sentence claim] for direct appeal where[,] during sentenc[ing, trial counsel] knew there were no rioters or criminal conspirators and the imposed sentences were illegal?

Appellant's Brief at 1 (extraneous capitalization omitted).

***Id.*** at 12-13.

Our scope and standard of review of an order denying a PCRA petition is well-settled. Proper appellate review of a PCRA court's dismissal of a petition is limited to an examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

If a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot grant relief. ***Commonwealth v. Reid***, 235 A.3d 1124, 1143 (Pa. 2020) (stating, "[w]ithout jurisdiction, [courts] simply do not have legal authority to address the substantive claims" (citation and original quotation marks omitted)). As discussed *supra*, this Court affirmed Appellant's judgments of sentence on November 30, 1988. ***Rambert***, 555 A.2d at 248, 1988 WL 150550. Appellant did not seek discretionary review with our Supreme Court. As such, Appellant's judgments of sentence became final on

January 2, 1989, upon expiration of time for seeking discretionary review with our Supreme Court. 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); ***see also*** Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of [this Court] sought to be reviewed"); 1 Pa.C.S.A. § 1908 (stating that, whenever the last day of any period of time referred to in a statute "shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").

To be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of the date a petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant had until Wednesday, January 3, 1990, to file a timely PCRA petition. Appellant filed the instant serial petition on October 19, 2023, more than three decades after the deadline for filing a timely PCRA petition. Consequently, Appellant's petition is patently untimely.[3]

_____

[3] "On November 17, 1995, the General Assembly amended the PCRA to require, as a matter of jurisdiction, that all PCRA petitions must be filed within a certain period of time after judgment. Specifically, the amendments require that any PCRA petition, including a second or subsequent petition, shall be

If a PCRA petition is untimely, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa. Super. 2012), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i - iii). A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails to invoke a valid exception to the

---

filed within one year of the date the judgment becomes final[.]" **Commonwealth v. Fahy**, 737 A.2d 214, 217-218 (Pa. 1999) (original quotation marks and citation omitted)). In **Commonwealth v. Peterkin**, 722 A.2d 638 (Pa. 1998), our Supreme Court held that a petitioner "whose judgment has become final on or before the effective date of this act shall be deemed to have filed a timely petition under [Section 9545(b)] if the [petitioner's] first petition is filed within one year of the effective date of the act." **Peterkin**, 722 A.2d at 641. To be eligible for this one-year, jurisdictional grace period, however, the petition must be a first PCRA petition as "there is no provision of a grace period for the filing of a second [or subsequent] petition." **Commonwealth v. Crawley**, 739 A.2d 108, 109 (Pa. 1999).

In the case *sub judice*, Appellant's judgments of sentence became final prior to January 16, 1996, the effective date of the 1995 amendments to the PCRA. The instant PCRA petition, however, was not Appellant's first PCRA petition. Therefore, the grace period does not apply to the instant petition. **Id.**

PCRA time-bar, courts are without jurisdiction to review the petition and provide relief. *Spotz*, 171 A.3d at 676.

Here, without citation to a specific exception under Section 9545(b)(1), Appellant appears, based upon a liberal reading of Appellant's *pro se* appellate brief and *pro se* petition, to assert the newly-discovered facts exception to the jurisdictional time-bar – namely that he was unaware of trial counsel's alleged ineffectiveness until he became aware that his sentence was illegal.[4]  **See** Appellant's Brief at 12 (asserting that, because he was unaware that, at the time of sentencing, "there [were] no rioters and conspirators" and that the sentences imposed for his criminal convictions of riot and criminal conspiracy were, according to Appellant, illegal, he was unaware of trial counsel's ineffectiveness in failing to preserve an illegal sentence claim by raising it in a post-sentence motion); *see also* *Pro Se* PCRA Petition, 10/18/23, at ¶¶3-4 (asserting that, after sentencing, Appellant learned that the sentences imposed were illegal and that trial counsel was ineffective for failing to preserve the illegal sentence claim in a post-sentence motion).

In **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020), our Supreme Court reiterated that the newly-discovered facts exception "renders a petition

---

[4] We note that the PCRA court found "[n]o exceptions to the timeliness requirements were alleged nor do any exist in this case."  PCRA Court Opinion, 6/25/24, at 4.  As stated *supra*, a liberal reading of Appellant's *pro se* appellate brief and *pro se* petition reveals an assertion by Appellant that seeks to invoke the newly-discovered facts exception to the jurisdictional time-bar.  Therefore, we will analyze Appellant's appeal under this exception to the jurisdictional time-bar.

timely when the petitioner establishes that [']the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.[']" *Small*, 238 A.3d at 1271, *quoting* 42 Pa.C.S.A. § 9545(b)(1)(ii). Our Supreme Court explained that a PCRA court must first determine "whether the facts upon which the claim is predicated were unknown to the petitioner" based upon a circumstance-dependent analysis of the petitioner's knowledge. *Id.* at 1282-1283 (original quotation marks omitted). If the PCRA court concludes that the facts were unknown, then the PCRA court must examine whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records." *Id.* (citation omitted). The *Small* Court defined "due diligence" as a "flexible concept that varies with the context of a given case[.]" *Id.* at 1284.

To the extent Appellant claims that he only now became aware of the outcome of the criminal charges brought against the other twelve inmates allegedly involved in the January 1987 incident for purpose of pleading and proving the newly-discovered facts exception to the jurisdictional time-bar, we find Appellant's assertion belied by the record. As far back as January 1988, Appellant asserted in his *pro se* motion for reconsideration of his sentence *nunc pro tunc* that the sentences imposed for his criminal convictions of riot and criminal conspiracy were illegal because his co-defendants had been acquitted. *Pro Se* Motion for Reconsideration of Sentence *Nunc Pro Tunc*, 1/22/88. Appellant made similar assertions as part of his first PCRA petition

filed on August 31, 1988. *Pro Se* PCRA Petition, 8/31/88 (asserting that, his sentences were illegal because the co-defendants were acquitted); ***see also*** *Pro Se* Amended PCRA Petition, 9/3/92 (asserting that, his sentences for the criminal convictions of riot and criminal conspiracy were illegal since the acquittals of his co-defendants left the trial court without jurisdiction to impose such sentences). Therefore, as early as January 1988, Appellant was aware that his co-defendants had been acquitted and that, according to Appellant, these acquittals resulted in the imposition of illegal sentences for his convictions of riot and criminal conspiracy. Appellant cannot now claim that this "fact" (the acquittals) was only recently discovered some three decades later for purpose of pleading and proving the newly-discovered facts exception to the jurisdictional time-bar.[5]

---

[5] Couching his "fact" - knowledge that the sentences imposed for his riot and criminal conspiracy convictions were illegal, according to Appellant - in the context of an ineffective assistance of counsel claim does not establish the newly-discovered facts exception. Typically, allegations of ineffective assistance of counsel cannot be invoked as a newly-discovered fact pursuant to Section 9545(b)(1)(ii). ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785 (Pa. 2000). In order to provide an exception to the jurisdictional time-bar, counsel's alleged ineffectiveness must have **completely** deprived the defendant of direct review. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1272-1274 (Pa. 2007); ***see also Commonwealth v. Peterson***, 192 A.3d 1123, 1131 (Pa. 2018).

Here, Appellant alleges that trial counsel was ineffective in failing to preserve his illegal sentence claim for purpose of direct review. The record reveals that, after Appellant was sentenced, trial counsel perfected Appellant's direct appeal by filing a notice of appeal on December 10, 1987. On direct appeal, trial counsel, who then served as direct appeal counsel for Appellant, raised a single issue, namely "whether the trial court exercised proper discretion in

Therefore, we discern no error of law or abuse of discretion in the PCRA court's order that dismissed Appellant's petition on the ground that the petition was untimely and without exception. Consequently, the PCRA court was without jurisdiction to address the underlying claims, and this Court is without jurisdiction to address Appellant's claims on appeal.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

6/16/2025

---

denying [Appellant's] motion to suppress out-of-court identification resulting from the photographic array and[, therefore[,] permitting testimony regarding this identification." **Rambert**, 555 A.2d 248, at page 2 of unpublished memorandum. As discussed *supra*, this Court affirmed Appellant's judgments of sentence on November 30, 1988. Therefore, Appellant was not completely deprived of direct review and, as such, his claim of trial counsel's ineffectiveness cannot be used to invoke the newly-discovered facts exception. **See Commonwealth v. Armolt**, 294 A.3d 364, 376 (Pa. 2023) (stating, "[a]n appellate court may address, and even raise *sua sponte*, challenges to the legality of [a] sentence even if the issue was not preserved in the trial court").

Moreover, Appellant's claim of an illegal sentence does not immediately invoke jurisdiction in the PCRA court. As this Court has long-held, an illegal sentence claim is always subject to review within the context of the PCRA but the claim must first satisfy the PCRA's jurisdictional requirements. **Fahy**, 737 A.2d at 223.